## NORTH ARLINGTON NAT. BANK v. KEARNY FEDERAL SAVINGS & LOAN ASS'N.

### Civ. A. No. 451–49.

United States District Court
D. New Jersey.
Sept. 12, 1950.

482

Herrigel, Lindabury & Herrigel, Newark, N. J., for plaintiff.

Koch, Gillespie & Masini, Newark, N. J., for defendant.

Fred N. Oliver, New York City, amicus curiae on behalf of National Association of Mutual Savings Banks.

Alfred E. Modarelli, Newark, N. J., amicus curiae on behalf of the United States.

Theodore D. Parsons, Red Bank, N. J., amicus curiae on behalf of the State of New Jersey.

FAKE, Chief Judge.

■ This suit was instituted in the State Court under the New Jersey Declaratory Judgments Act, N.J.S.A. 2:26–66 et seq., and removed to this court upon the assertion that the complaint is founded on a claim or right arising under the Constitution and laws of the United States. That it does so arise will be noted from what follows.

The complaint discloses that the gravamen of the action lies in the allegation that the Home Loan Bank Board, functioning under the Home Owners' Loan Act of 1933, 12 U.S.C.A. § 1461 et seq., unlawfully issued to the defendant loan association an authority to open a branch office near the plaintiff's banking house. The existence and operation of this branch office, within a few doors of plaintiff's place of business, is alleged to constitute unlawful competition.

■ Before an action may be maintained under the New Jersey Declaratory Judgments Act, above cited, a justiciable issue must be shown to exist. Empire Trust Co. v. Board of Commerce and Navigation 124 N.J.L. 406, 11 A.2d 752, at page 754.

■ The plaintiff here does not, nor can it claim, an exclusive right to transact business in a given territory. It is not protected by law against any and all competition. The specific thing it complains of here, as above stated, is the existing branch office of defendant loan association functioning with the express approval of the Home Loan Bank Board. The branch is, in effect, an integral part of defendant's home office. Any attack therefore made upon the validity of the existence of the branch is, in effect, also an attack upon the charter of the loan association as thus extended. This being so, no competitor can attack it as beyond the scope of federal authority. Such action is reserved to the government in an action analogous to a quo warranto proceeding, or perhaps an attack may be made by a party having an interest in the loan association, on the ground of ultra vires. The reasoning on these points is found in Alabama Power Co. v. Ickes, 302 U.S. 464,

with special reference to pages 479 to 485, 58 S.Ct. 300, 82 L.Ed. 374, wherein that court points out that the plaintiff therein could not sustain its action. A reading of that opinion explains the approach here.

My conclusion is that the complaint herein fails to disclose a claim upon which relief can be granted by this court.